JOHN A. GAFFEY

*vs.*

FORGIONE & ROMANO CO.

Cumberland.    Opinion May 4, 1927.

*It is the general rule that where a bailment for mutual benefit of both bailor and bailee is one of hire, there is imposed on the bailor in the absence of special contract or representation an obligation that the thing or property hired for use shall be reasonably fit for the use or capable of the use known to be intended.*

*There are exceptions to this rule, and among those exceptions it is settled law that in case of a lease or bailment of a known or designated chattel which the bailee has seen or has had the opportunity to observe, the law does not imply a warranty or reasonable fitness or capacity of the chattel.*

*There is no implied warranty arising from a contract of letting that the thing let is fit for the use intended, where the selection is made by the lessee.*

On report.    An action to recover for the rental of a heater plant at a fixed rental.    Defendant relied upon an implied warranty that the heater plant was reasonably fit for the purpose for which it was hired.    The case was referred and the referee's report made, and by

agreement reported to the Law Court. Judgment for the plaintiff in the sum of $860 with interest from July 31, 1923.

The case sufficiently appears in the opinion.

*Cook, Hutchinson, Pierce & Connell,* for plaintiff.

*Harry C. Wilbur,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

PHILBROOK, J. The plaintiff seeks to recover for the rental of a heater plant which he leased to the defendant corporation for such time as it should be absent from the owner's premises, which in fact was a period of fifty-three days in the months of May, June and July 1923, at an agreed rental of fifteen dollars per day, amounting in all to $795. The account annexed also contains items for a stack and hood, parts of the heater plant, alleged and proved to have been missing from the outfit upon its return. These articles are valued at $85, making a total of $860. Demand for payment was made on July 31, 1923, and this date is used as one from which interest should be reckoned if the plaintiff is to obtain judgment.

The case was sent to a referee who made extensive findings of fact and who made an alternative report wherein the determination of the rights of the parties involve certain rulings of law, namely:

(a). Did the statement of the plaintiff made when the plant was hired amount in law to an express warranty that the machine was reasonably fit for the purpose for which it was hired? If it did, there was a breach of such warranty.

(b). Did the defendant's counsel, during the examination of the plaintiff, make a statement which constituted waiver of the defendant's rights growing out of the breach of an express warranty? If there was an express warranty, and the same was not waived, judgment should be given to the defendant, since there was a breach of such express warranty.

(c). Did the plaintiff impliedly warrant the machine to be reasonably fit for the purpose for which it was hired? If such implied warranty existed, then, says the referee, judgment should be for the defendant, since there was a breach of such implied warranty.

The case is made up of the declaration, account annexed, the pleadings and the report of the referee. When this alternative report was

made, the presiding justice being of opinion that questions of law were involved of sufficient importance and doubt to justify the same, sent the case to this court on report.

From the referee's report, it appears that the defendant corporation was about to lay some asphalt in connection with its contract for work upon the State Pier at Portland, and not being provided with sufficient apparatus for doing the work, sent one Golden, its construction superintendent, to Massachusetts to procure a heater plant for its use while laying the hot asphalt. It also appears that apparatus such as this was far from plentiful, and difficult to obtain, not more than three or four such pieces of apparatus suitable for the work being known to be in existence within practical reach at that time. Two were applied for, and could not be obtained; a third was so situated that the obtaining of it seemed impracticable. One was owned by the plaintiff and was in his possession at his yard in Medford, Mass. That had been used by the plaintiff in connection with road work and similar work for eight or ten years but at the time of Mr. Golden's visit had not been used for about a year.

Whether any statement made by the plaintiff when the apparatus was hired amounted to an express warranty calls for no discussion. No claim of such warranty is made in defendant's pleading and, according to the report of the referee, during the hearing before that tribunal, the defendant's counsel volunteered the statement that the defendant was not relying upon express warranty.

The real question is whether there was an implied warranty. It is a general rule, which seems to be well established by the authorities, that where a bailment for mutual benefit of a bailor and a bailee is one of hire, there is imposed on the bailor, in the absence of special contract or representation, an obligation that the thing or property hired for use shall be reasonably fit for the use or capable of the use known to be intended, that is, that it shall possess the quality usually belonging to things of that kind when used for the same purpose. 6 C. J. 1117, and cases there cited.

But there are exceptions to this rule equally well sustained by reliable authorities.

In case of a lease or bailment of a known or designated chattel, which the bailee has seen or has had the opportunity of inspecting, the law does not imply a warranty of reasonable fitness or capability of the chattel. Note to *Hoisting Engine Sales Company* v. *Hart*,

31 A. L. R. at page 544, and many cases there cited. There is no implied warranty arising from a contract of letting, that the thing let is fit for the use intended where the selection is made by the lessee. *Briggs* v. *Hunton,* 87 Maine, 145.

The case at bar distinctly falls within the above exception. There is no implied warranty. Demand of payment was made July 31, 1923, and the mandate will be,

Judgment for the plaintiff in the sum of $860.00 with interest upon that amount from July 31, 1923.

*So ordered.*